UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS DERISE CORBRAY,

        Petitioner,

v.

JASON BENNETT,

        Respondent.

CASE NO. 3:24-cv-05459-JCC-GJL

REPORT AND RECOMMENDATION

Noting Date: July 15, 2024

Petitioner Dennis Corbray is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has presented to the Court for filing a Petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his confinement pursuant to a 2002 judgment and sentence entered in Pierce County Superior Court case number 01-1-04411-9. Dkt. 1-1. Petitioner has filed other federal habeas petitions relating to the same judgment. This Court, having reviewed the Petition filed in this matter, and Petitioner's prior petitions, concludes the instant Petition is a second or successive petition over which this Court lacks jurisdiction, and the Petition should therefore be **DISMISSED**.

REPORT AND RECOMMENDATION - 1

**I.    DISCUSSION**

Petitioner submitted the instant federal habeas Petition to the Court for filing on June 11, 2024. *See* Dkt. 1. As noted above, the Petition relates to a 2002 judgement and sentence entered under Pierce County Superior Court case number 01-1-04411-9. Dkt. 1-1 at 1. Petitioner asserts two grounds for relief in his Petition: (1) the State committed violations under *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose, prior to trial, certain incident reports from the initial first responders dispatched from the 911 call related to the incident at issue in Petitioner's conviction, and (2) the State violated his rights under the Fourteenth Amendment when it failed to provide him with DNA evidence results relevant to his case. Dkt. 1-1 at 5, 7.

A review of this Court's records reveals that Petitioner has filed four prior federal habeas petitions challenging the same Pierce County Superior Court judgment and sentence. *See Corbray v. Carter*, 3:06-cv-05043-RJB (W.D. Wash. Jan. 18, 2006); *Corbray v. Bennett*, 3:24-05122-TL (W.D. Wash. Feb. 14, 2024); *Corbray v. Bennett*, 3:24-cv-05284-RSM (W.D. Wash. Apr. 12, 2024); *Corbray v. Bennett*, 3:24-cv-05432 (W.D. Wash. June 5, 2024).[1] In Petitioner's initial federal habeas action, the Court denied the Petition on the merits. *See* 3:06-cv-5043-RJB, Dkts. 22, 24. In Petitioner's two most recent habeas actions considered to date, the Court dismissed the petitions for lack of jurisdiction upon finding the petitions were second or successive. *See* 3:24-cv-5122-TL, Dkts. 5, 16; 3:24-cv-5284-RSM, Dkts. 5, 6.

The fact that Petitioner's initial federal habeas action was resolved on the merits renders the instant Petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the

---

[1] Petitioner filed an additional proposed petition which he voluntarily dismissed. *See Corbray v. Bennett*, 2:24-cv-0076-KKE-BAT (W.D. Wash. Jan. 17, 2024) (Dkts. 11, 12).

REPORT AND RECOMMENDATION - 2

Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant Petition. Accordingly, this Court lacks jurisdiction over the Petition.

## II.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes Petitioner is not entitled to a certificate of appealability in this matter.

## III.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas Petition (Dkt. 1-1) and this action be **DISMISSED** for lack of jurisdiction, and that a certificate of appealability be denied. This Court further recommends that Petitioner's Application to Proceed *In Forma Pauperis* (Dkt. 1), and all Motions submitted by Petitioner in conjunction with his Petition (Dkts. 1-3, 1-4, 1-5, 1-6, 5), be **DENIED as moot**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

*de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 15, 2024, as noted in the caption.

Dated this 1st day of July, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4